IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**SHIRLEY FORD**                                                                                    **PLAINTIFF**

**V.**                                                                                    **NO. 4:22-CV-176-DMB-JMV**

**GREENVILLE PUBLIC SCHOOL
DISTRICT**                                                                                    **DEFENDANT**

## ORDER

After resigning from her position as Assistant Maintenance Director with the Greenville Public School District, Shirley Ford sued the School District alleging claims under the Age Discrimination in Employment Act. The School District moves for summary judgment on all Ford's claims. Because Ford failed to exhaust her ADEA claims, summary judgment will be granted.

## I
## Procedural History

On November 9, 2022, Shirley Ford filed a complaint in the United States District Court for the Northern District of Mississippi against Greenville Public School District alleging various claims under the Age Discrimination in Employment Act ("ADEA"). Doc. #1. The complaint contains four counts: (1) "Count I – Declaratory Judgment," (2) "Count II – Age Discrimination," (3) "Count III – Unlawful Retaliation – ADEA," and (4) "Count IV – ADEA Coverage." *Id*. at 2–5. The School District answered the complaint on January 17, 2023. Doc. #6.

On November 6, 2023, the School District filed a motion for summary judgment.[1] Doc. #27. The motion is fully briefed. Docs. #28, #32, #33.

---

[1] The School District filed a timely summary judgment motion on November 3, 2023, *see* Doc. #25; but the Clerk of the Court directed the School District to refile it because contrary to Local Rule 7(b)(2), the School District attached its exhibits to its memorandum brief instead of the motion.

# II
# Standard

A court shall enter summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When "a defendant properly moves for summary judgment, the non-movant plaintiff must bring forward sufficient evidence to demonstrate that a genuine issue of material fact exists on every element of a claim." *Smith v. Harris Cnty.*, 956 F.3d 311, 319 n.3 (5th Cir. 2020) (citation and quotation marks omitted). "[M]ere conclusory allegations are insufficient to defeat summary judgment." *Scott-Benson v. KBR, Inc.*, 826 F. App'x 364, 367 (2020).

# III
# Factual Background

Shirley Ford started working for the Greenville Public School District as a clerical assistant in 1994. Doc. #27-1 at PageID 96. She then assisted as a secretary until she was transferred to the position of Assistant Maintenance Director on July 1, 2020. *Id.* In that role, Ford supervised the custodians, assisted with maintenance and cleaning during the COVID-19 pandemic, trained others on COVID-19 protocols, performed inspections of the buildings, and conducted walk-throughs with the principals. *Id.* at PageID 97. After Ford's supervisor Mitchell McCollough was fired around 2021,[2] Ford briefly served as the interim Maintenance Director until Cornelious Fisher assumed the position. *Id.* at PageID 99.

According to Ford, her duties as Assistant Maintenance Director were gradually curtailed after school board member Jan Vaughn told Fisher she was glad he would put Ford "in her place" at a February 2021 board meeting. *Id.* at PageID 100. After Ford learned of Vaughn's comment,

---

[2] Ford did not recall the exact year McCollough was fired. Doc. #27-1 at PageID 99. However, neither party disputes that McCollough was fired close to 2021. *See generally* Docs. #28, #32, #33.

Ford claims she sent a letter to Fisher explaining her job duties and "CC'd the superintendent and human resource manager."³ *Id.* at PageID 101. Ford says she also notified the board about anonymous letters that were circulated in the community about her and several other School District employees. *Id.* at PageID 101–02. At least one of the letters accused Ford of stealing property from the School District. Doc. #27-2.

Ford voluntarily resigned from her position in June 2022. Doc. #27-1 at PageID 102; Doc. #31-1. On July 11, 2022, she filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") in which she alleged:

> On or about February 1, 1994, I began my employment with Greenville Public School District. On or about July 1, 2020, I was promoted to Assistant Maintenance Director. On or about February 15, I was subjected to workplace harassment after speaking to the Director about a comment that was made in a Board meeting. On or about June 8, 2022, I resigned from my position. On or about February 15, 2022, an emergency Board meeting was held. A comment was made to the Director from a Board Member. I spoke with the Director asking why the comment was said and that I wanted to file a grievance. After speaking with the Director, anonymous letters began circulating that included accusations that I was stealing and encouraging staff members to ride past my home. I wrote a letter to the Director of Operations about my concerns, and asked if he could share with the Superintendent, Board Members, and the Attorney. I was then told that if I send out another letter, I will receive a cease-and-desist letter. This situation was exposed to the entire community, on Facebook, and on the Washington Auditor. I feel that I was harassed with hopes that I would quit. I believe I have been harassed in retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

Doc. #27-4.⁴ The EEOC issued Ford a Notice of Right to Sue.⁵

---

³ Ford says she also provided a hard copy of the letter to Fisher and the superintendent. Doc. #27-1 at 101.

⁴ Ford's complaint alleges that she "filed a 'charge of discrimination' and 'retaliation' with the Equal Employment Opportunity Commission" and that "[a]ll allegations contained in 'these charges' are hereby incorporated in the instant Complaint by reference." Doc. #1 at 2. The Fifth Circuit has held that where a plaintiff attaches and fully incorporates an EEOC charge into her complaint, it becomes part of the complaint for all purposes. *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014). This rule does not apply here because Ford did not attach her EEOC charge to her complaint.

⁵ In her complaint under a "Notice of Right to Sue" heading, Ford alleges she received a "Notice of Right to Sue" letter on August 10, 2022. Doc. #1 at 2. The School District admits that "the EEOC issued a Notice of Right to Sue to [Ford]." Doc. #6 at 2. However, the Notice has not been made a part of the summary judgment record and is not filed elsewhere on the docket.

IV
**Analysis**

The School District argues summary judgment[6] is warranted because Ford's EEOC charge "contains nothing that would have placed [it] on notice of any age-related employment claims" and Ford "has failed to offer any evidence to support" her age discrimination or retaliation claims.[7] Doc. #28 at PageID 122, 123, 125. Ford responds that her age-based claims were exhausted because she checked the retaliation box on the EEOC form, evidence of the "toxic and hostile work environment" at the School District supports her age discrimination claim, and "[p]roof" supports her retaliation claim. Doc. #32 at 4, 6, 7. The School District replies that "there is not a single fact in the Charge that would have placed [it] on notice that it might be sued for age discrimination or age-based retaliation," and Ford "has offered no evidence to support her age discrimination claim" and "her age-based retaliation claim."[8] Doc. #33 at PageID 175, 176, 177.

**A. Exhaustion**

The Age Discrimination in Employment Act of 1967 ("ADEA") makes it unlawful for an employer to discriminate against an individual based on age. 29 U.S.C. § 623(a)(1). Before bringing a lawsuit under the ADEA, "a complainant must file a charge of discrimination with the EEOC to exhaust [her] administrative remedies." *Melgar v. T.B. Butler Publ'g Co.*, 931 F.3d 375, 378 (5th Cir. 2019); 29 U.S.C. 626(d)(1).[9] An EEOC charge does not properly exhaust a claim

---

[6] The summary judgment motion does not specifically mention Ford's declaratory judgment request but asks the Court to "dismiss the plaintiff's claims with prejudice." Doc. #27 at PageID 92. Because Ford's request for a declaratory judgment is set forth in Count I of the complaint, the Court construes the summary judgment motion to include the declaratory judgment request. Doc. #1 at 2.

[7] The School District says that "[t]he Court need not address any of the remaining arguments in [its] Brief …, but out of an abundance of caution … submits that … [Ford] has failed to offer any evidence to support" her age discrimination and retaliation claims. Doc. #28 at PageID 123, 125.

[8] The School District is correct that Ford offers no specific evidence to demonstrate that she was retaliated against because of her age.

[9] *See Searcy v. Crowley Indep. Sch. Dist.*, No. 23-10776, 2023 WL 6393901, at *1 (5th Cir. Oct. 2, 2023) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002)) ("'Employment discrimination plaintiffs must

unless the claim "could have been reasonably … expected to grow out of the charge of discrimination." *Jefferson v. Christus St. Joseph Hosp.*, 374 F. App'x 485, 490 (5th Cir. 2010) (citation and internal quotation marks omitted). While a court may read the EEOC charge "somewhat broadly," the charge should be sufficient to put the EEOC on notice to investigate all claims raised. *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006). Courts do "not consider claims that were not asserted before the EEOC or that do not fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination a plaintiff makes before the EEOC." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 472 (5th Cir. 2016) (cleaned up). "Failure to exhaust is grounds for dismissal" on a summary judgment motion. *Williams v. Tarrant Cnty. Coll. Dist.*, 717 F. App'x 440, 444, 445 (5th Cir. 2018).

In her EEOC charge, Ford never mentioned her age, much less any age-based discrimination or age-based retaliation by the School District. *See* Doc. #27-4.[10] Ford does not even provide her "Year of Birth" as requested on the EEOC form. *Id.* Ford also says that she "believe[s she] has been harassed in retaliation in violation of Title VII of the Civil Rights Act of 1964." *Id.* Accordingly, nothing Ford alleged in her EEOC charge would reasonably give rise to the EEOC investigating *age-based* discrimination or retaliation under the ADEA. *See Chhim*, 836 F.3d at 472; *Garrett v. Judson Indep. Sch. Dist.*, 299 F. App'x 337, 344 (5th Cir. 2008) ("Age discrimination is a 'separate and distinct' claim of employment discrimination, which requires a specific administrative charge to have been filed with the EEOC.") (citation omitted). More, there is no evidence in the record that the EEOC conducted any sort of age-based investigation. So Ford has failed to exhaust her age-based discrimination and retaliation claims with the EEOC, and

---

exhaust administrative remedies before pursuing claims in federal court.'"). "[T]he receipt of a right-to-sue notice is not a prerequisite to filing an ADEA action." *Julian v. City of Houston*, 314 F.3d 721, 727 (5th Cir. 2002).

[10] Although in the "Discrimination Based On" box Ford listed "Retaliation," she does not allege any facts related to her age in that box or anywhere else in her EEOC charge. Doc. #27-4.

summary judgment in favor of the School District is warranted on these claims.[11]

### B. Declaratory Judgment

In her complaint, Ford's declaratory judgment count alleges only that the School District "should reinstate her to the position that she held at the time of her unlawful separation."[12] Doc. #1 at 2. Because Ford's failure to exhaust her ADEA claims means the Court will not reach them on the merits, a declaratory judgment is not warranted.[13]

## V
## Conclusion

The School District's motion for summary judgment [27] is **GRANTED**.

**SO ORDERED**, this 12th day of February, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[11] "It is well-established that summary judgment may be granted against a non-movant solely on the basis of failure to exhaust administrative remedies." *Miller v. Sw. Bell Tel. Co.*, 51 F. App'x 928, at *6 n.5 (5th Cir. 2002) (unpublished opinion), *cert. denied*, 538 U.S. 908 (2003); *see King v. Life Sch.*, 809 F. Supp. 2d 572, 580 (N.D. Tex. 2011) (dismissing age discrimination claim or failure to exhaust because plaintiff did not allege facts concerning age discrimination in her EEOC charge).

[12] The complaint's prayer for relief does not mention the word "declaratory" or request a declaration of any sort. Though it requests "[t]hat [Ford] be awarded reinstatement … and back pay, or in the alternative, pay for such a job beginning on the date the position in question was filled and extending for a reasonable time into the future," it does so with respect to "the position of 'Staff Development And Restorative Nurse,'" not for the position of Assistant Maintenance Director. Doc. #1 at 4.

[13] "Under federal statute, federal courts have authority to grant declaratory relief so long as a justiciable controversy exists as to the rights of the parties and a declaration is capable of resolving the controversy." *Guajardo v. JP Morgan Chase Bank, Nat'l Ass'n*, 605 F. App'x 240, 249–50 (5th Cir. 2015) (citing 28 U.S.C. § 2201). "Because a declaratory judgment is 'remedial in nature,' where all of a plaintiff's causes of action are dismissed, a related declaratory judgment claim should also be dismissed." *Id.* at 250 (citation and internal quotation marks omitted); *see Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 243 (5th Cir. 2014) ("Our conclusion that each of the … causes of action was properly dismissed likewise warrants affirmance of the court's dismissal of their request for declaratory judgment.").